(Superior Court of Cincinnati—*Special Term.*)

THE GREENWHICH INSURANCE COMPANY *v.* THE MEMPHIS & CINCINNATI PACKET COMPANY.

*Liability of a carrier for merchandise checked as personal baggage.*

(Decided April 4, 1894.)

HUNT, J.

The plaintiff, who was subrogated to the rights of Hacket, Carhart & Co., recovered a verdict against the defendant for $2,975 for the loss of several trunks containing merchandise or samples of merchandise. The trunks were totally destroyed by fire on the steamer "De Soto," in the Ohio river, on January 28, 1890. The steamer itself was also totally destroyed. The passenger was a commercial traveler, and paid the usual fare for the passage from Owensboro to Henderson, Kentucky. No compensation was paid for the transportation of the trunks other than the fare of the passenger.

*Held*, on a motion for a new trial, that a carrier of passengers for hire was bound only to carry their "personal baggage," and that the item "baggage" does not include articles of merchandise for sale or for use as samples, and not designed for the use of the passenger. If the passenger deliver to the carrier, as baggage, a trunk containing merchandise, not his personal baggage, of which fact the carrier had no notice, the carrier, in the absence of gross negligence, would not be liable for the loss.

If a passenger, however, having valuable merchandise in his trunks and desiring its transportation, disclose to the carrier the nature and value of its contents, and the carrier then chooses to treat it as baggage without extra compensation, the liability of the carrier will attach. 148 U. S. 627; 13 C. B. 818; 73 Ill. 348; 29 Minn. 160; 70 Cal. 169.

There was no evidence to prove or tending to prove that there was any negligence of the carrier as to the fire.

The motion for a new trial granted.

*Stephens, Lincoln & Smith*, for the motion.

*William W. Ramsey* and *Robert Fisk*, contra.